*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICKY DALE JACK,

        Defendant-Appellant.

UNPUBLISHED
December 28, 2023

No. 362171
Ingham Circuit Court
LC No. 18-000946-FH

Before: REDFORD, P.J., and SHAPIRO and YATES, JJ.

SHAPIRO, J. (*concurring*).

I concur in full. I write separately only to raise the question of whether MCL 600.2163a(4) violates the separation of powers. MCL 600.2163a applies to criminal cases involving charges of criminal sexual conduct, child abuse, and child sexually abusive activity. See MCL 600.2163a(2). The statute does not define any changes to the substance of the offenses or what must be shown to prove them. Rather, it only addresses the manner in which witness testimony is to be presented. In relevant part, the statute *requires* trial courts to permit the presence of a "support person" and/or "support dog" (typically provided by the prosecution) when the testifying witness is under age 16, has a development disability, or is a vulnerable adult. See MCL 600.2163a(1)(g) and (4).

I question whether it comports with the principle of due process to permit support persons or support dogs to sit with the complainant while she or he testifies as it signals to the jury that the complainant is in fact a victim of sexual assault, abuse, or child sexually abusive activity. This suggests that the complainant needs a support person because of the trauma of reliving the crimes allegedly committed by the defendant. But even putting that aside, it is difficult to conceive how this is a matter outside the powers of the judiciary to manage on a case-by-case basis or through a court rule. The manner of the presentation of witness testimony has always been a matter for the courts. See *People v Johnson*, 315 Mich App 163, 177; 889 NW2d 513 (2016) ("[I]t is well-established that trial courts have long had the inherent authority to control their courtrooms, which includes the authority to control the mode and order by which witnesses are interrogated.")

(quotation marks and citation omitted). And, as noted, the statute mandates[1] provision of a support person or dog, even if the court concluded that it would cause substantial prejudice to the defendant, because prejudice to the defendant is not even a permissible consideration under the statute. Who or what may sit next to a witness, and when, is a purely procedural, if not merely administrative, matter. In my view, this legislative action encroaches on the power of the judiciary, a separate and equal branch of government. See *People v Watkins*, 491 Mich 450, 472-473; 818 NW2d 296 (2012) ("In accordance with separation-of-powers principles, [the Supreme Court's] authority in matters of practice and procedure is exclusive and therefore beyond the Legislature's power to exercise.").

/s/ Douglas B. Shapiro

---

[1] MCL 600.2163a(4) provides that if the complainant is under 16 years old, has a developmental disability, or is a vulnerable adult, the court "*must permit*" them to have a support person and/or dog. (Emphasis added).